| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Shanita M. Hopkins<br>162 Neptune Avenue<br>Jersey City, New Jersey 07305<br>(201) 892-4475<br>shanitahopkins@icloud.com<br>*Debtor, Pro Se*<br><br>In Re:<br><br>**SHANITA M. HOPKINS,**<br>    Debtor. | Case No.:     26-12794-JKS<br><br>Chapter:     13<br><br>Adv. No.:     N/A<br><br>Hearing Date:  N/A<br><br>Judge:     Hon. John K. Sherwood,<br>U.S.B.J. |

## APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL
## AND STATEMENT OF ISSUES TO BE PRESENTED
### *(Fed. R. Bankr. P. 8009)*

Appellant Shanita M. Hopkins, the Debtor, appearing pro se, submits this Designation of the Record on Appeal and Statement of Issues to be Presented pursuant to Federal Rule of Bankruptcy Procedure 8009, in connection with her appeal from the Order titled "Order Denying Debtor's Request to Enforce the Stay and Alternatively Granting 162 Neptune Avenue, LLC's Cross-Motion for Retroactive Stay Relief."

**STATEMENT OF JURISDICTION**

The United States District Court for the District of New Jersey has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1), because the appeal is taken from a final order of the United States Bankruptcy Court for the District of New Jersey entered on June 12, 2026 that resolved the Debtor's Motion to Enforce the Automatic Stay and the cross-motion of 162 Neptune Avenue, LLC for retroactive relief from the automatic stay. The Notice of Appeal was timely filed pursuant to Fed. R. Bankr. P. 8002. The Debtor has elected, pursuant to 28 U.S.C. § 158(c)(1) and the Notice of Appeal and Statement of Election (Official Form 417A), to have the appeal heard by the United States District Court.

## I. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

1. The Debtor's Chapter 13 petition, filed March 13, 2026, and the docket sheet for Case No. 26-12794-JKS.

2. Debtor's Motion on Shortened Notice to Enforce the Automatic Stay, with all supporting papers, including the Application for an Order Shortening Time, the Order Shortening Time, the Notice of Motion, the Certification of Shanita M. Hopkins in Support (with Exhibit A, email correspondence of June 1, 2026 from Michael McKeever, Esq.), the Memorandum of Law in Support, and the proposed Order.

3. The Opposition and Cross-Motion of 162 Neptune Avenue, LLC, including the Certification of Peter Nakhla and the LLC's Memorandum of Law, with all exhibits (including the March 11, 2026 Order of the Hon. Mary K. Costello, P.J.Ch., and the June 1–5, 2026 email correspondence).

4. Debtor's Reply papers, including the Reply Certification of Shanita M. Hopkins (with Exhibit A, draft Letter of Intent, and Exhibit C, the June 5, 2026 Administrative Order of the Chancery Division, Docket No. F-4365-25); the Supplemental Certification of Shanita M. Hopkins (with Exhibit B, New Jersey Division of Revenue entity record for 162 Neptune Ave LLC); and the Reply Memorandum of Law.

5. Debtor's Notice of Stay Violation and Reservation of Rights under 11 U.S.C. § 362(k).

6. The transcript of the hearing held June 10, 2026 before the Hon. John K. Sherwood, U.S.B.J. (ordered contemporaneously).

7. The Order appealed from, titled "Order Denying Debtor's Request to Enforce the Stay and Alternatively Granting 162 Neptune Avenue, LLC's Cross-Motion for Retroactive Stay Relief," and any opinion, findings, or statement of reasons relating thereto.

8. Debtor's Notice of Appeal and Motion for Stay Pending Appeal, with all papers filed in connection therewith and any order disposing of the stay motion.

9. The complete docket sheet for Case No. 26-12794-JKS and all pleadings and papers relating to the automatic stay and to the cross-motion for stay relief, including all stay-relief pleadings filed by any party.

10. All sheriff's sale documents in the record, including any notice of sale, the report or memorandum of sale, the sheriff's deed, and any proof of the date of the deed's execution and the date of its recording.

11.  All communications in the record bearing on the LLC's or its principals' or counsel's knowledge of the Debtor's bankruptcy, including the June 1, 2026 email correspondence with KML Law Group and the Debtor's contemporaneous written caution against transfer.

## II.  STANDARD OF REVIEW

On appeal from the Bankruptcy Court, the District Court reviews the Bankruptcy Court's conclusions of law de novo, its findings of fact for clear error, and its exercise of discretion — including an order granting retroactive relief from the automatic stay under 11 U.S.C. § 362(d) — for abuse of discretion. A bankruptcy court abuses its discretion when it applies an incorrect legal standard, rests its decision on clearly erroneous findings of fact, or reaches a conclusion that cannot be located within the range of permissible decisions under the governing law. Mixed questions of law and fact are reviewed under the standard appropriate to each component. The Debtor respectfully submits that the issues presented below implicate de novo review of the Bankruptcy Court's application of 11 U.S.C. §§ 108(b), 362, and 541, clear-error review of any factual findings concerning the date and circumstances of the deed transfer, and abuse-of-discretion review of the decision to grant retroactive annulment.

## III.  STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

12.  Whether the Bankruptcy Court erred in granting retroactive relief from the automatic stay under 11 U.S.C. § 362(d).

13.  Whether the Bankruptcy Court correctly applied 11 U.S.C. §§ 108(b), 362, and 541.

14.  Whether the Debtor's interest in the property remained property of the estate on the petition date.

15.  Whether the Bankruptcy Court abused its discretion in granting retroactive annulment where the transferee had knowledge of the bankruptcy filing.

16.  Whether disputed issues concerning the transfer, execution, delivery, recording, and effect of the sheriff's deed required an evidentiary hearing.

17.  Whether the Bankruptcy Court made sufficient findings of fact and conclusions of law to support retroactive stay relief.

18.  Whether the Bankruptcy Court failed to adequately consider the evidence and arguments presented by the Debtor.

The foregoing issues are intended to preserve all issues fairly encompassed therein and shall not be construed to limit the arguments that may be presented in Appellant's opening brief.

## IV.  PRESERVATION OF ISSUES

Each of the issues identified above was raised before and presented to the Bankruptcy Court. The Debtor raised these issues through her Motion to Enforce the Automatic Stay and supporting Certification and Memorandum of Law; her Reply Certification, Supplemental Certification, and Reply Memorandum of Law in opposition to the cross-motion for retroactive stay relief; the exhibits submitted in support of those papers, including the June 5, 2026 Administrative Order of the Chancery Division; and oral argument at the hearing held June 10, 2026. The issues are therefore preserved for appeal and were not raised for the first time on appeal.


Dated: June 12, 2026

Respectfully submitted,

/s/ Shanita M. Hopkins
_____

Shanita M. Hopkins
Debtor, Pro Se
162 Neptune Avenue, Jersey City, NJ 07305
(201) 892-4475 | shanitahopkins@icloud.com